## (March 15, 1965)

■ Louis D. Bruno et al., Appellants, v. State of New York, Respondent. (Claim No. 40992.) Harry H. Feldman et al., Appellants, v. State of New York, Respondent. (Claim Nos. 42823, 43081.) —Per Curiam. The decision of the Court of Claims, in these appropriation cases involving the owners of the fee and their lessees, directs awards for various elements of damage, in different categories, with no breakdown of the items (except as one lump sum award to the tenants is carved out of a larger over-all lump sum) and with little indication of the respective computations employed. We note some of the items which in fairness to the litigants require separate treatment and constitute the minimum essentials to proper judicial review. The sum of $72,000 was found to be the market value of the property as enhanced by the leasehold by the owners' fixtures or improvements and by the tenants' improvements. Neither the basic figure nor any of the three enhancement values is indicated. The owners are awarded $66,000 of the over-all amount. The $6,000 award to the tenants includes the unspecified " sound values " of fixtures which the tenants were entitled to remove but which would be rendered worthless upon removal; but the award for such fixtures, whatever it was, should not have been included in, or carved out of the sum determined to be the value of the realty interests appropriated (*Marraro* v. *State of New York,* 12 N Y 2d 285, 294–295). The same $6,000 lump sum also includes the unspecified " difference between the retained rent and the economic rent "; but the manner of arriving at this undisclosed leasehold value does not appear nor do the elements considered in its evaluation, except as the court apparently reduced the difference by treating some part or all of the tenants' expenditures for improvements as in the nature of rent, stating that " the expenditures * * * were part of the consideration for the leases and presumably reduced the monthly rental " (but cf. *Matter of City of New York [Fairfield Trust],* 19 A D 2d 44). Remittal for adequate findings is required. (See *Conklin* v. *State of New York,* 22 A D 2d 481.) Determination of both appeals withheld and cases remitted to the Court of Claims for further proceedings not inconsistent herewith. Upon the making of new or additional findings by the Trial Judge, and the filing of the record thereof in this court, the cases will be restored to the calendar. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.